BYRD FORSYTHE, RESPONDENT, v. THE BOARD OF TRUSTEES OF PARK COLLEGE, A CORPORATION, APPELLANT.—212 S. W. 2d 82.

Kansas City Court of Appeals.   Opinion delivered May 10, 1948.

*Frank E. Tyler, Edwin Earnshaw, John W. Coots* and *Gossett, Ellis, Dietrich & Tyler* for appellant.

*Walter J. Gresham* for respondent.

DEW, J.—This is an action for alleged breach of contract for services. A jury was waived and the court, sitting as a jury, gave verdict and judgment for the plaintiff for $540, with interest and costs. The defendant has appealed.

The plaintiff's petition alleges, in effect, that for several years she had been employed by the defendant as a housemother, her usual duties beginning about September 1 each year and running until after commencement ceremonies, or about August 1, for which she was paid $60 a month, plus board and living quarters of the reasonable value of $40 a month; that she was employed about August 25, 1945, for the ensuing college year and directed to report for duty September 1, 1945; that she began her duties at that time and held herself in readiness to perform the same thereafter; that she was paid $60 a month from September to December, 1945, inclusive, but not for January, 1946, or for succeeding months; that she was furnished her board and living quarters as part of her services until April 15, 1945; that on or about January 18, 1945, defendant partly repudiated said contract of employment and tendered her $60 for the month of January, plus $36 for services not yet rendered to February 18, 1946, which plaintiff declined; that defendant continued to provide her with board and living quarters as agreed until March 21, 1946, at which time it notified her to vacate on or about April 25, 1946, thereby repudiating said contract of employment; that by reason of said breach she is entitled to $60 a month from January. 1946 to July, 1946, inclusive, amounting to. $420, and $40 a month, the value of board and room from April 15 to July 31, amounting to $140, or a total of $560, with interest and costs.

Defendant's amended answer admits that its president named was its authorized agent at the time of her first employment; admits that it employed the plaintiff at $60 a month, and furnished her living quarters and board; admits that it served written notice on plaintiff to vacate her quarters on or about April 15, 1946; denies that it ever employed plaintiff for a college year from September 1, 1945 to July 31, 1946, or for any other fixed period, by any contract, express or implied, and generally denies the other allegations of the petition. The answer further stated that on January 16, 1946, in consideration of 30 days' services paid, the plaintiff agreed to leave the premises of the defendant on January 18, 1946 and terminate her relations with the defendant, and that the defendant tendered payment in accordance with such agreement.

Plaintiff testified in substance that she was orally employed in 1943 by Dr. Young, president of the College. He told her that her salary would be $60 a month, plus maintenance. She mentioned the

matter of vacation and that she usually did not work during the month of August, and he said "we can take care of that". She worked under the above terms until 1945, when Dr. Rohrbough became president of the college. On August 25, 1945, he wrote her a letter requesting her to report for duty on August 31, 1945. Upon her return she occupied quarters in the same dormitory to which she had previously been assigned. On October 10, 1945, the president wrote her a communication wherein he stated his attention had been called to the fact that no duties had been assigned her for 30 days and he regretted that situation, and realized that it was not her fault. He gave instructions to her to serve the heads of residences in the various dormitories, and to assist at the hospital. He sent for her in January, 1946, and told her that he did not need her any more, and asked if she would be willing to vacate her quarters by the following Saturday. Plaintiff agreed to do this but later, upon advice of counsel, refused to do so and declined a check tendered her. She had been paid for December, 1945, and the January, 1946, check was due. She continued to live at the dormitory and ate her meals at the college until April 20, when, upon order from the college, she vacated. Upon cross-examination she was asked if at the time of her first employment the president told her he would keep her for the school year and if she ever had a conversation with him in which he so agreed. She answered "No". She was asked:

"Q: Did he ever write you a letter to that effect?

"A: No, I never had a letter from Doctor Young the whole time I was there before or after.

"Q: Did Doctor Rohrbough have a conversation with you in which he said that you were employed for the school year?

"A: No. That letter was what I received to come and report".

Plaintiff testified that she had been paid each month during her employment, including her vacation, and since her discharge had lived in Peoria, Illinois, and had not been employed until the following September. She admitted that Dr. Young, when first employing her, did not tell her the position would be permanent, and she said: "I don't think any College does that. If your duties are all right, why you just go back unless you are told not to return". She said she had no separate agreement with Dr. Rohrbough when she returned in September, 1945. "No, they do not give written contracts, no, so there is no written agreement whatsoever".

Plaintiff introduced the deposition of Dr. Rohrbough, president of the college, who testified that when he took the office in July, 1945, he was informed that plaintiff had been an employee at the college as housemother but that he did not then know the terms under which she had been employed. On August 25, 1945, he wrote her to report for work and expected her to do so under the same terms. No new arrangement was made with her. He was familiar with the ordinary

duties of such an employee. He said housemothers are always employed by the month and report for duty on that basis. After the commencement period the housemothers are at liberty to do whatever they please as they are not employed for a period of years, but at the will of the college. He said in the middle of January there were no students to put in the dormitory of which she was head, and plaintiff refused to perform other duties, and refused to move into another dormitory. On October 10, 1945, he wrote her a letter expressing régret that there was no assignment of duties for her and that it was not her fault. He called her to his office on January 18, 1946, and explained that a former student had returned from the army service with his wife and children and the only housing for him was the quarters occupied by the plaintiff, and witness asked the plaintiff if she would be willing to move out and let the student and family move in and let him take charge of the dormitory. He said plaintiff agreed to this. Later a check was sent to her for 30 days in advance, and the check was returned to him. When she continued to live and board at the college the notice was finally given her in March to vacate. He stated that her rate of pay was $60 a month and she was furnished her quarters and board of the value of $40 a month. The only reason for her discharge was that there was no further need for her services. He admitted receiving a letter from plaintiff's counsel making claim for salary until July, together with room and board. A check was afterward offered her in the amount of $89.05, covering January and February, less deductions, but she refused it.

The business manager of the college testified for the defendant. He identified a copy of a letter, the original of which purported to have been sent by president Young to the plaintiff and was dated November 18, 1943, and read as follows:

"My dear Mrs. Forsythe: As I informed you, your salary is to be $60 per month. I am also adding $5 which will be used by you for your breakfast. You will be entitled to your lunch and dinner, however, in the dining hall. Cordially yours Wm. Lindsay Young President".

This witness testified that the only "tenure" pertaining to employment at colleges was confined to professors and teachers and others of that class, and never has been applied to employees such as housemothers.

A later deposition of president Rohrbough was introduced by the defendant. He testified therein regarding the tenure subject similar to the testimony of the business manager. He also said that when the plaintiff first reported for duty at his request that he told her he understood she was on a month to month basis and the plaintiff did not deny it.

In rebuttal plaintiff denied the conversation with president Rohrbough wherein he said he understood she was employed by the month.

At the close of all the testimony defendant moved to dismiss on the ground that the evidence did not show facts sufficient to state a cause of action against the defendant. It was overruled.

The finding of the court, sitting as a jury, was to the effect that due to the nature of employment plaintiff's contract was on a yearly basis, and having been directed to return to duty in August, 1945, that her employment was not terminable at the will of the defendant. He found the facts generally in plaintiff's favor and gave her judgment for $540, with interest and costs. The substance of appellant's points is that the proof was insufficient to sustain the plaintiff's petition.

It will be noted that plaintiff's evidence wholly fails to sustain her contention pleaded in her petition that she was first employed for a full college year, or for any other fixed duration of time. The contract of employment was admittedly an oral agreement, including her re-engagement in the fall of 1945. The only written evidence of the terms of her employment was the office copy from the college records of a letter setting forth the terms referred to in the evidence and which confirms the arrangement to pay her $60 a month, plus $5 for her breakfast, and which in nowise fixes the college year, or any other fixed duration of employment. It is admitted too by the plaintiff that she returned to work in 1945 with the understanding that she continue under the same terms of her original employment.

It is stated in Brookfield v. Drury College, 139 Mo. App. 339, l. c. 365, 123 S. W. 86, l. c. 94:

"The law in this State has been well stated that an indefinite hiring at so much per day, or per month, or per year, is a hiring at will and may be terminated by either party at any time and no action can be sustained in such case for a wrongful discharge".

This rule is again recognized in Paisley v. Lucas, 346 Mo. 827, l. c. 843, 143 S. W. 2d 262, l. c. 271. It is also stated in 39 C. J. p. 71, Sec. 60(c):

"A contract of employment for an indefinite term may, in the United States, be terminated at the will of either party".

It is not the function of the court to make contracts between parties, but to apply them and construe them as made by the parties themselves. Under the evidence and the pleadings and the law applicable herein we are not authorized to read into the contract of employment between the parties here a provision for a fixed period of employment which the parties themselves did not see fit to stipulate.

The defendant's motion for a directed verdict should have been sustained. The judgment is reversed. All concur.